No. 21,262.

T. T. ALFORD, *Appellant,* v. W. H. DENNIS et al., Partners, etc.,
et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. OIL AND GAS LEASE—*Improvident Contract—Cancellation.* Rule fol-
lowed that equity will not cancel a contract which is merely a bad or
improvident bargain.

2. SAME—*Breach of Implied Covenant—Forfeiture.* Rule followed that
equity will not arbitrarily declare a forfeiture for breach of an
implied covenant.

3. OIL AND GAS LEASE—*Failure to Develop—Remedy in Damages—
Prompt Development or Cancellation.* A lease of two tracts of land,
716 acres and 220 acres respectively, was made in 1902 to prospect for
oil and gas, for a term of ten years and as much longer as gas or oil
might be found in paying quantities, the lessees agreeing to pay
royalties on all paying wells and binding themselves to commence
operations within six months, and to complete three wells before
January 1, 1904, "no other or additional expense shall be incurred
under this lease," etc. The larger tract was developed and many
wells were drilled thereon, but in nearly fourteen years nothing was
done towards drilling or developing the smaller tract. Plaintiff suc-
ceeded to the ownership of the latter and brought suit to cancel the
lease, alleging that there was an implied covenant to prospect and
develop his tract as well as the other. No demand was made on the
lessees to drill on the plaintiff's tract prior to the commencement of
this action. *Held,* that the ordinary rule that equity will not relieve
against an improvident bargain prevents an absolute forfeiture, that
equity will not forfeit a contract for the mere breach of one of its
implied covenants; but *held,* also, that the petition stated a cause of
of action for some redress, either in damages, if such be ascertain-
able, or in the alternative that the lessees be required to drill and
develop plaintiff's land within a reasonable time pursuant to their
implied covenant, under penalty of forfeiture, following the doctrine
announced in the fourth paragraph of the syllabus of *Howerton v.
Gas Co.,* 82 Kan. 367, 108 Pac. 813.

Appeal from Chautauqua district court; ALLISON T. AYRES,
judge. Opinion filed February 9, 1918. Reversed.

*J. A. Ferrell,* of Sedan, for the appellant.

*W. H. Sproul,* of Sedan, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an equitable action to cancel an oil and gas lease of certain lands for failure to prospect and develop them.

In 1902, the grantor of the lease owned some 936 acres of land in two separate tracts, one of 220 acres and the other of 716 acres. The two tracts were about two miles apart. These lands were leased in one contract evidenced by one written instrument to the defendants for ten years and "as much longer as gas or oil may be found in paying quantities." The contract acknowledged receipt of one dollar as consideration, bound the lessees to pay certain royalties, and—

"It is mutually agreed that the parties of the second part shall begin operation under this lease within six months from the delivery hereof, and complete on or before the first day of January, 1904, three wells on the above described lands, no other or additional expense shall be incurred under this lease by the second party, and this lease shall be binding so long as second parties shall comply with their obligations hereunder, otherwise, this lease shall be null and void and no longer binding on either party."

As time passed, the plaintiff as one of the heirs of the grantor succeeded to the title to the 220 acres, and in 1916 he commenced this action. His petition alleged, among other matters, that defendants had drilled twenty-five oil wells, gas wells, and dry holes on the larger and separate tract of 716 acres, and that defendants paid royalties on the paying wells thereon to the present owners thereof; but that in all the thirteen years or more since the lease was executed no drilling or development of any sort had ever been undertaken on the 220 acres now owned by him, nor any attempt at exploration or development thereof, nor any attempt made to take possession of that tract of land; that it was one of the implied covenants and the intention of the parties to the lease that his tract of land (as well as the other) should be drilled and explored for gas or oil and not held indefinitely without exploration; that in that community there had been three distinct "oil booms," in 1904-05, in 1912-13, and in 1915-16; that plaintiff had had several opportunities to lease his land to other parties for gas or oil development, one of whom offered him a dollar per acre if the unused lease of 1902 held by defendants

was extinguished. Plaintiff further pleaded that defendants had wholly abandoned their rights under said lease to his land; that the lease had long expired; that some weeks prior to bringing his action he had demanded of defendants that they discharge the lease of record; that they failed to satisfy such demand; and that the lease constituted a cloud upon his title; and that he had no adequate remedy at law, etc. Plaintiff prayed for a cancellation of the lease so far as it affected his land, etc., and for such other relief as might be equitable and just.

Defendants' demurrer to this petition was sustained and plaintiff appeals.

Both tracts of land were covered by the one contract of lease. It was improvident for the owner to grant a lease of two large tracts of land for a long term on such meager specified requirements of exploration and development as those particularized in this contract, and without providing that a certain minimum of work should be done on each tract. But it is not the province of the courts to end a contract merely because it is a bad bargain. (*Rose v. Lanyon,* 68 Kan. 126, 74 Pac. 625; *Marble Company v. Ripley,* 77 U. S. [10 Wall.] 339, 356.) Plaintiff may have some redress in damages for breach of the alleged implied covenant "that it was the intention of the parties to the lease" that plaintiff's "tract of land (as well as the other) should be drilled and explored for gas and oil and not held indefinitely without exploration." (*Core v. Petroleum Co.,* 52 W. Va. 276.)

In *Harness v. Eastern Oil Co.,* 49 W. Va. 232, it was held that where two separate tracts of land were leased under one contract, and only one of the tracts was prospected and developed for gas and oil, equity would not cancel the lease on the undeveloped tract, but in the opinion it was said:

"The principles of equity would not permit the lessees, without consideration, to hold the lease indefinitely for speculative purposes, to the prejudices of the interests of the lessor." (p. 250.)

The plaintiff asks the court to cancel this contract, to decree a forfeiture of it, and not for default of any expressed provision of the contract but merely for default of one of its implied covenants. The instances are rare where equity will enforce a forfeiture. It will never do so where less drastic redress

will satisfy the demands of justice. (*Brewster v. Lanyon Zinc Co.*, 140 Fed. 801, 72 C. C. A. 213.) Forfeitures of oil and gas leases for breaches of mere implied covenants are seldom decreed. (*Davis v. Gas Co.*, 78 Kan. 97, 96 Pac. 47; *Brewster v. Lanyon Zinc Co.*, supra; Thornton on the Law Relating to Oil and Gas, 2d ed., §§ 91, 157.)

In *Howerton v. Gas Co.*, 81 Kan. 553, 106 Pac. 47; 82 Kan. 367, 108 Pac. 813, the failure to market the product of one gas well and to proceed with reasonable diligence to prospect for and to develop others was held insufficient to summarily forfeit the lease, and the cause was remanded with instructions to permit the lessor to prove his damages if such proof was available, and for the trial court to determine whether an adequate remedy at law for failure to develop was practicable, and it was further ordered that if redress in damages could not be applied an alternative decree might be entered, upon proper proof, providing that the defendant should proceed within a reasonable time to drill the necessary wells to develop the property, or failing therein that the lease be canceled.

It seems that in principle the case at bar is subject to similar disposition. The clause in the lease providing that "no other or additional expense should be incurred" seems fairly susceptible of restriction to the acknowledged obligation to drill three wells, etc., prior to January 1, 1904; and such interpretation is more rational and just than to say that it exempted the lessees from developing plaintiff's separate tract of 220 acres to any extent or at any time—even in fourteen years. Unless the plaintiff's tract was to be developed some time there was no reason to include it in the lease, and as it stands it is of no value to defendants. Unless the defendants had a *bona fide* intention to prospect and develop this tract they had no proper purpose in leasing it, and to cancel the lease will do them no injury. While equity abhors forfeitures it likewise abhors injustice.

Since plaintiff's lands are burdened with an oil and gas lease he is entitled to have those lands prospected for oil and gas within a reasonable time.

"On principle, it would seem that there is such implied covenant in the written instrument. When no time is fixed for the performance of a contract, a reasonable time is implied. When a contract for the erec-

Alford v. Dennis.

tion of a house or other structure is silent as to the quality of the materials or workmanship, it is implied that the same should be a reasonable quality. In a lease of a farm for tillage on the shares, it is implied that the tenant shall cultivate the farm in the manner usually done by reasonably good farmers. So, under an oil lease which is silent as to the number of wells to be drilled, there is an implied covenant that the lessee shall reasonably develop the lands and reasonably protect the lines." (*Harris v. The Ohio Oil Co.*, 57 Ohio St. 118, 127.)

(See, also, Note, 20 Ann. Cas. 1165, *et seq.*)

Plaintiff's petition stated a cause of action of some sort. It narrated a predicament capable of some legal or equitable redress, not necessarily the redress prayed for by plaintiff. (*Eagan v. Murray*, ante, p. 193, syl. ¶ 2.) Indeed, a critical reading of defendants' brief discloses that this conclusion has been anticipated by their counsel, who cautiously mentions the possible ascertainment of damages, and, failing there, that the plaintiff should proceed "by making the necessary demands upon the lessee to do the desired drilling, giving the lessee a reasonable time in which to do it."

We think this lawsuit will answer the purpose of a demand for drilling; and that justice between the parties will be best subserved by remanding the cause to the trial court with instructions to set aside its ruling on the demurrer, and to permit issues to be joined and the pertinent facts determined, to allow plaintiff damages if they can be definitely ascertained; and in the alternative that the defendants be required to proceed in good faith to prospect and develop plaintiff's lands within a reasonable time, to be fixed by the trial court, and on failure of the defendants so to do that the lease of plaintiff's lands be canceled, in harmony with the views herein expressed and in harmony with the doctrine announced in the fourth paragraph of the syllabus of *Howerton v. Gas Co.*, supra.

Reversed.