### McCAFFREY v. B. B. & R. KNIGHT, Inc.

(District Court, D. Rhode Island. · July 12, 1922.)

No. 1511.

Contracts ⬦10(4)—Agreement to buy and sell, terminable at will by one party, does not constitute contract.

An agreement by defendant to purchase a stated quantity of a product per week so long as it was made by plaintiff and conformed to sample, and by plaintiff to deliver such quantity "every week thereafter," cannot be considered a perpetual agreement, and since plaintiff might cease manufacture at will, without violation of the agreement, it does not constitute a contract binding on defendant.

At Law. Action by Edward J. McCaffrey against B. B. & R. Knight, Incorporated. On demurrer to declaration. Demurrer sustained.

Edward G. Carr, of Providence, R. I., for plaintiff.
Edwards & Angell, of Providence, R. I., for defendant.

BROWN, District Judge. The material allegations of plaintiff's declaration are as follows:

"That on, to wit, the ——— day of April, 1919, the said B. B. & R. Knight, Incorporated, in consideration that the said plaintiff would manufacture and furnish it with a warp size, agreed with and promised the said plaintiff to purchase and take from the said plaintiff, as long as the said plaintiff made the same and the same was up to the quality and standard of a sample then and there submitted by the said plaintiff to the said B. B. & R. Knight, Incorporated, 30 barrels of said size every week thereafter, and to pay the said plaintiff the sum of 8 cents per pound therefor, to be paid upon delivery, and in the event that the ingredients used by the said plaintiff in the manu-

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

facture of said warp size increased or decreased in cost, then the price per pound to be paid by the defendant should increase or decrease proportionately, and the said plaintiff, in consideration of the said promise of said B. B. & R. Knight, Incorporated, then and there agreed with the said B. B. & R. Knight, Incorporated, to manufacture and deliver to it 30 barrels of said size every week thereafter."

The plaintiff states:

"These two promises, taken together, constitute a contract between the parties for the manufacture and delivery by the plaintiff and the acceptance by B. B. & R. Knight, Incorporated, of 30 barrels of size a week so long as the plaintiff manufactured it."

This seems the proper construction of the agreement. The obligation of the plaintiff to "manufacture and deliver 30 barrels every week thereafter" cannot be considered a perpetual agreement (Williston on Contracts, vol. 1, § 38, p. 58), and is limited to correspond with the obligation of the defendant to take the goods as long as the said plaintiff made the same and the same were up to the quality and standard of a sample submitted.

The plaintiff does not agree to manufacture goods of the kind or quality for any particular period, and if he should cease to manufacture goods of that kind, or goods which conform to the sample, he would not be liable for a breach of any obligation which he had assumed, or which was imposed upon him by the contract.

The plaintiff contends that the time of termination of the contract is definitely fixed, although the time of termination is not presently certain; but it cannot be said that an obligation which may be canceled by the plaintiff at will, and without legal liability, fixes definitely the time of termination. It may be said that it is definite enough that the plaintiff's obligation may be terminated whenever he sees fit to do so; but when that may be is not dependent upon the happening of any extraneous event, but merely upon the exercise of a choice not to perform.

An agreement in which one party reserves the right to cancel at his pleasure cannot create a contract. Williston on Contracts, vol. 1, § 105, p. 222; Id. § 104, p. 219.

It is suggested that there are mutual promises, and therefore no lack of mutuality, or of consideration, since the plaintiff would suffer detriment by ceasing to manufacture; but it is unnecessary to go into the conflicting theories upon the subject, which are considered in the learned work of Mr. Williston. The present contract is a contract at will so far as the plaintiff is concerned, whether the discontinuance of manufacture would be a detriment or a benefit.

Quoting from Williston on Contracts, § 43, p. 73:

"The difficulty with illusory promises may be twofold—indefiniteness, and insufficiency of consideration. If definite enough to be interpreted plainly, but giving the promisor an unlimited option, such a promise may be assented to by the parties, but will not serve as consideration for a counter promise."

The case of McMullan v. Dickinson Co., 63 Minn. 405, 65 N. W. 661, cited by plaintiff, related to the construction of a contract substantially different in its terms. In that case the defendant agreed to

keep the plaintiff in its employ so long as he retained the ownership of a substantial number of shares in the corporation and it continued in business. It was said in that case:

"The expressions of a contingency whereby the contract might be terminated by the act of either party expressly excluded the idea that each was at liberty to terminate it at any time without regard to the happening of either contingency."

In the present case there is no reference to any subject-matter extraneous to the contract, that excludes the idea that the plaintiff was at liberty to cease his manufacture, regardless of the wishes of the defendant.

As I am of the opinion that the said declaration fails to state a cause of action against this defendant, it is unnecessary to consider other grounds of demurrer.

Demurrer sustained.