### MIAMI COCA-COLA BOTTLING CO. v. ORANGE CRUSH CO.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1924.)

No. 4182.

1. Contracts ⚖10(1)—Agreement held void for lack of mutuality.

A contract, in form a license, whereby defendant granted to complainant the exclusive right to manufacture a certain drink under defendant's trade-mark, defendant to supply its concentrate at certain prices, was void for lack of mutuality, where the license granted contained a provision to the effect that the complainant might at any time cancel the contract.

2. Contracts ⚖59—Option must be supported by consideration.

An option, to be valid, must be supported by a consideration.

3. Specific performance ⚖32(1)—Equity never interferes where power of revocation exists.

A court of equity never interferes where the power of revocation exists.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit in equity by the Miami Coca-Cola Bottling Company against the Orange Crush Company. From an order (291 Fed. 102) dismissing the bill, complainant appeals. Affirmed.

F. M. Hudson and Lilburn R. Railey, both of Miami, Fla., for appellant.

William E. Kay, Thos. B. Adams, and Reuben Ragland, all of Jacksonville, Fla., for appellee.

Before WALKER and BRYAN, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order dismissing appellant's bill, which seeks to enjoin the cancellation by the appellee of a contract and to compel its specific performance. The contract is in the form of a license, whereby the appellee grants to the appellant the exclusive right, within a designated territory, to manufacture a certain drink called "orange crush," and to bottle and distribute it in bottles under appellee's trade-mark. The appellee agreed, among

other things, to supply its concentrate to be used in the manufacture of orange crush at stated prices, and to do certain advertising. The appellant agreed to purchase a specified quantity of the concentrate, to maintain a bottling plant, to solicit orders, and generally to undertake to promote the sale of orange crush, and to develop an increase in the volume of sales. The license granted was perpetual, but contained a proviso to the effect that the appellant might at any time cancel the contract.

The bill avers that the appellant bought a quantity of the concentrate, manufactured orange crush, and was engaged in the performance of its obligations, when, about a year after the contract was entered into, the appellee gave written notice that it would no longer be bound.

[1, 2] We agree with the District Judge that the contract was void for lack of mutuality. It may be conceded that the appellee is liable to the appellant for damages for the period during which the contract was performed; but for such damages the appellant has an adequate remedy at law. So far, however, as the contract remains executory, it is not binding, since it can be terminated at the will of one of the parties to it. The consideration was a promise for a promise. But the appellant did not promise to do anything, and could at any time cancel the contract. According to the great weight of authority such a contract is unenforceable. Marble Co. v. Ripley, 10 Wall. 339, 359, 19 L. Ed. 955; Willard Sutherland & Co. v. United States, 262 U. S. 489, 43 Sup. Ct. 592, 67 L. Ed. 1086; Velie Motor Car Co. v. Kopmeier Motor Car Co., 194 Fed. 324, 114 C. C. A. 284; McCaffrey v. Knight (D. C.) 282 Fed. 334; Fowler Utilities Co. v. Gray, 168 Ind. 1, 79 N. E. 897, 7 L. R. A. (N. S.) 726, 120 Am. St. Rep. 344; 6 R. C. L. 691; 1 Williston, pp. 219, 222. The contract cannot be upheld upon the theory that the appellant had a continuing option, because an option to be valid must be suported by a consideration. 6 R. C. L. 687.

[3] In Express Co. v. Railroad Co., 99 U. S. 191, it is said, at page 200 (25 L. Ed. 319): "A court of equity never interferes where the power of revocation exists." The reason given is that it is within the power of one of the parties to render the action of the court a nullity.

The decree is affirmed.