No. 26,581.

FRANK WEBB, *Appellee,* v. JOHN CROFT, P. J. SONNER and E. D. BEDFORD, Partners as THE SONNER GAS AND SUPPLY COMPANY, *Appellants.*

SYLLABUS BY THE COURT.

1. MINES AND MINERALS—*Oil and Gas Lease—Implied Covenant to Develop.* A lease of land giving the exclusive right to the lessees to drill and operate for oil and gas thereon for a stipulated period and as long thereafter as either gas or oil is produced, for a cash consideration of $1 per acre, and providing that the lessor should have one-eighth of the oil produced and $200 per year for the gas produced from each well, and also gas for the dwelling house of the lessor; and further, that a well should be completed within one year from the date of the lease, or if not completed in that time the lessee should pay $1 an acre until completion: *Held,* that under the lease there is an implied covenant or condition that there will be reasonable development of the land and the drilling of such number of wells as the circumstances warrant, and as would ordinarily be required on such lands in order to afford protection to the rights of both parties to the lease.

2. SAME — *Sufficiency of Development — Evidence.* Upon the evidence it is held that the lessee had not made sufficient or such development as is required under the lease.

3. SAME—*Failure to Develop—Remedy of Lessor.* The remedy of a recovery of damages for the failure to develop not being adequate or practicable, it was competent for the court to decree further development by the lessee upon reasonable and just terms and conditions.

4. SAME — *Development by Order of Court — Reasonableness of Order.* The future development ordered by the court upon conditions prescribed for the same, examined and held not to be unreasonable or unjust.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed April 10, 1926. Affirmed.

*E. L. Foulke, James B. Nash* and *Roy H. Wasson,* all of Wichita, for the appellants.
*Clifford Sullivan,* of Howard, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In form this was an equitable action to quiet title. The question tried out was the respective rights of the lessor

---

Mines and Minerals, 27 Cyc. pp. 728 n. 74, 733 n. 14, 734 n. 18; 9 A. L. R. 89; 11 A. L. R. 139; 12 A. L. R. 1398; 12 R. C. L. 874.

and lessee under an oil and gas lease, and the lessee has appealed from the judgment by which their rights were determined.

On February 16, 1916, Frank Webb and his wife executed a lease on several tracts of land amounting to 580 acres in the vicinity of Moline, to Richey and Kendall, for a cash consideration of $580. The term of the lease was five years from its date and "as long thereafter as oil or gas or either of them is produced from said land by the party of the second part, their heirs, administrators, executors, successors or assigns." In addition to the cash consideration it was stipulated that the lessor should have free of cost one-eighth of the oil produced on the premises and $200 per year for the gas produced from each well where only gas was found, and also gas for the lessor's dwelling house. There was a stipulation that the lessee should complete a well within twelve months from the date of the lease or pay to the lessor at the rate of $580 per year for each year of delay until drilling should be completed. There have been several assignments of the lease, and the rights under it have been duly acquired by the defendant, the Sonner Gas and Supply Company. There was no development on the premises until shortly before the expiration of the five-year period, but a producing gas well was drilled and was completed one day before the expiration of the lease. The rental of $1 an acre has been paid by the defendants and the royalty of $200 on the gas well was paid for the year following its completion, and a like amount each year since that time, so that nothing was due the lessor on the lease when the action was begun. It appears that in August, 1921, a producing well was drilled on other land about three-fourths of a mile from plaintiff's premises, and since that time a second oil well has been drilled a little more than three-fourths of a mile distant from the premises of plaintiff, and these wells are the only oil production in that vicinity. Aside from the gas well mentioned the defendant has two small gas wells in the vicinity, and with the gas derived from these wells and the one on plaintiff's land the defendants are supplying the residents of the city of Moline, under a franchise that has been granted to them. In order to furnish gas to meet this demand of the citizens of Moline, the defendants have found it necessary to buy gas from another gas company during the winter time. Defendants pleaded and claimed that greater development was not justified, as there was no market for gas in the vicinity of Moline except for so much as will meet the needs of the residents of that city, and that in order to be

assured of a gas supply it is necessary for them to hold large tracts of land under lease, so that if the supply from the wells now in use should fail they may obtain gas from other wells, and that it is impracticable and against public policy to drill more wells and produce gas in any greater quantities than can be used under their franchise with the city of Moline.

The court found that defendants had drilled a producing gas well prior to the expiration of the five-year period named in the lease and had paid to plaintiff the $200 as royalty for the gas well for the year following February 16, 1921, and every year thereafter. It was further found that there was nothing due the plaintiff at the time the action was brought for royalties or rentals on the lease. The court, however, found that the lease had not been sufficiently developed and decreed that it should be further developed; first, that defendants should commence a well on some part of section 15 within forty days from the date of judgment and on or before February 20, 1925, which well should be drilled with reasonable diligence and completed either to the gas sand or to the oil sand, located approximately 1,300 feet, on or before 100 days from the date of judgment; second, the court considers that the land in section 15 should be divided into eighty-acre tracts and a second well begun on one of these tracts other than the one on which the first well was located, and be completed on or before August 19, 1925; third, that another or third well be commenced and completed on the third eighty-acre tract on or before 340 days from the date of judgment. It was further ordered that the owners of the lease may by the payment of $400 per eighty-acre tract per year, defer the commencement of the first well or the commencement and completion of any subsequent well for said year, the court finding that the plaintiff should receive $400 per year for each of the eighty-acre tracts mentioned upon which no well is drilled, and that if the owners drill one or more wells on said land in section 15, the lease should be continued in full force and effect by paying for each yearly period the sum of $400 for each eighty-acre tract on which no well is drilled. There was a further order that if a well be commenced and completed on the first eighty-acre tract, in section 15, the time in which a well may be commenced upon any of the land other than in section 15 shall be continued for one year from April 21, 1925, by the payment of two dollars per acre per year on or before April 21 each year, and the time in which a well on any other tract may

Webb v. Croft.

be commenced shall be continued for one year.  The defendants may continue the lease in force as to any one of the other tracts other than in section 15 by the payment of two dollars per acre per year as to the tract selected.

Jurisdiction of the cause was retained by the court until the decree so made was complied with and the costs of the action were divided between the parties.

Defendants contend that as they had kept the lease alive by drilling one well during the lease period and had paid the accrued rentals and royalties, the court was not warranted in requiring further development, and that it therefore had read into the contract conditions not stipulated by the parties and had placed burdens on the defendants not contemplated by the contract.  Leases of this kind contemplate exploration and development and not the bottling up of land for speculative or other purposes or the postponement of reasonable development, nor yet the limiting of development to an extent merely to prevent a declaration of forfeiture.  Although not expressly mentioned in the lease, there is an implied covenant or condition that there shall be reasonable development and such operation as will protect the interests of both the lessor and lessee. (*Howerton v. Gas Co.*, 81 Kan. 553, 106 Pac. 47; Id., 82 Kan. 367, 108 Pac. 813; *Alford v. Dennis*, 102 Kan. 403, 170 Pac. 1005; *Harris v. Ohio Oil Co.*, 57 Ohio St. 118.)  The lease is silent as to the number of wells that shall be drilled on the land, and in such a case there is an implication that there shall be reasonable development of the land by drilling such number of wells as an ordinarily prudent man would do under the circumstances, taking into consideration the results of the development and whether or not there was sufficient production to warrant the continuance of exploration and drilling.  It appears that the only well drilled by defendants is a producing one, and it was not completed until a day or two before the time fixed for the expiration of the lease. Two producing oil wells have been drilled by others on land in the vicinity of that in question, and there is some reason to infer that through exploration oil might be found on the land of plaintiff. Gas has been found there, and yet defendants have failed for four years to drill another well near the producing one, and their excuse is that there is no market in that locality for more gas than is already being produced and no more than is necessary to supply the city of Moline.  This claim loses some of its force by the admission

42—120 Kan.

that defendants have been purchasing additional gas from time to time from other companies in order to furnish sufficient gas to meet the requirements of their patrons in Moline. Even if there were no market for more gas in the vicinity, defendants were still under an obligation to explore the land for oil, and if it was found in paying quantities to operate it for the benefit of both parties as the lease contemplates.

We think the court rightly concluded that the land of defendants has not been sufficiently developed. It would be grossly inequitable to hold a tract of 580 acres with no more development than has already been made. Plaintiff was entitled to some remedy for the failure to develop it, and we think it was competent for the court, instead of decreeing a cancellation of the lease, to give the defendants an opportunity to make reasonable development of the land pursuant to their implied covenants, as has already been determined in *Alford v. Dennis,* supra. There is a suggestion that damages was the proper remedy for plaintiff rather than a decree for development. An action for damages, however, is not adequate nor at all practicable, since there is no way to ascertain the extent of damages sustained, but it is within the power of a court of equity to require proper development within reasonable times, and if there is a failure of compliance by defendants, plaintiff would be entitled to absolute forfeiture. In *Alford v. Dennis,* supra, it was held:

"That the ordinary rule that equity will not relieve against an improvident bargain prevents an absolute forfeiture, that equity will not forfeit a contract for the mere breach of one of its implied covenants; but held, also, that the petition stated a cause of action for some redress, either in damages, if such be ascertainable, or in the alternative that the lessees be required to drill and develop plaintiff's land within a reasonable time pursuant to their implied covenant, under penalty of forfeiture, following the doctrine announced in the fourth paragraph of the syllabus of *Howerton v. Gas Co.,* 82 Kan. 367, 108 Pac. 813." (Syl. ¶ 3.)

There is a complaint that the development directed by the court is unreasonable as to extent and also as to the time within which it is to be done. The terms of the decree already set forth have been carefully examined and appear to us to be reasonable and just, such as will fairly protect the interests of lessor and lessees.

Some other objections have been made of procedural action, but in view of the ruling on the merits none of them are deemed to be material.

The judgment is affirmed.