## JAVIERRE *v.* CENTRAL ALTAGRACIA.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 171. Argued April 26, 1910.—Decided May 16, 1910.

Where a proviso carves an exception, dependent on a condition subsequent, out of the body of a statute or contract, the party setting up the exception must prove, and has the burden, that the condition subsequent has actually come to pass.

A contract for delivery for a term of years, of sugar, terminable meanwhile only in case a specified new Central was built, could not, in this case, be terminated unless the particular Central contemplated was built; it was not enough that a Central called by the same name had been built.

Damages in a suit at law for failure to comply with the terms of a contract for delivery of crops is an adequate remedy and specific performance and an injunction against delivery to others should have been refused in this case.

The facts are stated in the opinion.

*Mr. Charles Hartzell,* with whom *Mr. Manuel Rodriguez Serra* was on the brief, for appellants:

The burden of showing that the Central Eureka referred to in the contract was not the project known as the Swift Eureka Central was not on the defendants below but such burden as to the identity of the projected Central Eureka referred to was on the plaintiffs below.

There was not, nor is there now, any presumption that the Central Eureka referred to was the Swift project. The burden of proof of a fact is upon him who asserts it. Complainants

(defendants in error here) allege, and to recover must prove, that defendants entered into a combination or conspiracy to enable them to violate a contract; that this violation was to be committed by pretending that a certain proposed sugar mill known by the name of "Eureka" was not, in fact, the Eureka project which the complainants alleged it to be, and in order to make proof to justify a decree in its favor it must prove by a preponderance of the testimony, in view of defendants' denial, that the Swift Eureka was the project actually intended and referred to in the said contract. *Mutual Reserve Fund* v. *Powell*, 79 Ill. App. 364; *Piper* v. *Watkins*, 8 Kan. App. 215; *Rupp* v. *Sarpy County*, 71 Nebraska, 382; *Vertrees* v. *Gage County*, 75 Nebraska, 332; *Simonton* v. *Winter*, 5 Pet. 141; *Adams* v. *Adams*, 21 Wall. 185; *Knox* v. *Smith*, 4 How. 298; *Lewis* v. *Cocks*, 23 Wall. 470.

Fraud and conspiracy, when alleged as the basis of action, must be clearly proven in order to warrant a recovery. *Farrar* v. *Churchill*, 135 U. S. 609; *Gaines* v. *Nicholson*, 9 How. 356; *United States* v. *Arredondo*, 6 Pet. 691; *Jones* v. *Simpson*, 116 U. S. 609; *Jacobs* v. *Van Sickel*, 123 Fed. Rep. 341; *Cheesman* v. *Hart*, 42 Fed. Rep. 98, distinguished.

This case does not present in any event, any ground for equitable relief, or the issuance of an injunction. The only consistent relief which could be applied for would be in the nature of specific performance. *Grape Creek Company* v. *Spellman*, 39 Ill. App. 630.

Equity should not intervene. An action at law for damages is equally, or even more, effective for complainant. There is no allegation in the complaint of defendants' insolvency.

The court erred in granting any relief to appellee, because the contract was wholly unilateral and incapable of enforcement by a court of equity, either by way of specific performance or by injunction.

Appellee's mill was neither constructed nor enlarged upon any consideration moving from this contract. There was no consideration.

Appellants were not in anywise dependent upon appellee for a market for their sugar cane, for they were dealing with other mills before appellee's factory was started, and the bill of complaint shows that there are more mills in the vicinity than the supply of sugar cane would justify. The remedy must be mutual. *Ross* v. *U. P. R. R. Co.*, Fed. Cas. 12,080; *Pullman Pal. Car Co.* v. *Texas & Pac. R. R. Co.*, 11 Fed. Rep. 625.

Where a contract is harsh the court will leave the parties to their remedy at law. *King* v. *Hamilton*, 4 Pet. 311; *Redman* v. *Zilley*, 1 N. J. Eq. 320; *Appeal of Weise*, 72 Pa. St. 351. Even though the contract be valid at law, if it be harsh or unjust, equity will not relieve. *Leigh* v. *Crump*, 36 N. C. 299; *Friend* v. *Lamb*, 152 Pa. St. 529.

*Mr. Hugo Kohlman*, with whom *Mr. F. L. Cornwell* and *Mr. N. B. K. Pettingill* were on the brief, for appellee:

Relief was properly given by injunction instead of by specific performance.

The bill of complaint prayed for an injunction and not for specific performance. Defendants in a suit cannot complain that only partial relief has been granted. The bill is not strictly to decree a performance of a contract, but, by injunction, to prevent the destruction of contractual obligations. *Hendricks* v. *Hughes*, 117 Alabama, 591.

This doctrine seems to be an extension of that maintaining the right to enjoin the violation of contracts for personal services so well established and often applied since *Lumley* v. *Wagner*, 1 De G., M. & G. 604.

The fundamental basis of jurisdiction to enjoin the violation of the contract instead of leaving a complainant to his action at law for damages is the impracticability of ascertaining with any definiteness the real extent of such damage; hence the inadequacy of the remedy. Where performance is to continue through a series of years in the future, that fact alone renders definite ascertainment of damages impossible. See the following English cases more or less analogous in their

reasoning to the case at bar: *Jones* v. *North,* 44 L. J. Ch. 388; *Donnell* v. *Bennett,* 22 Ch. Div. 835; *Whitwood Chem. Co.* v. *Hardman,* L. R. [1891] 2 Ch. 416; *Catt* v. *Tourle,* L. R. 4 App. Ch. 654; and also see the following American cases: *W. U. Tel. Co.* v. *U. P. Ry. Co.,* 3 Fed. Rep. 423, 429; *C. & A. Ry. Co.* v. *N. Y., L. E. & W. R. R. Co.,* 24 Fed. Rep. 516, 521; *Alpers* v. *City of San Francisco,* 32 Fed. Rep. 503; *General Elec. Co.* v. *Westinghouse Co.,* 151 Fed. Rep. 664, 672, 677; *Manhattan &c.* v. *N. J. &c.,* 23 N. J. Eq. 161; *St. Regis Co.* v. *Lumber Co.,* 173 N. Y. 149, 161.

The same principles have been applied in cases involving contracts wherein public interests were involved. *Walla Walla* v. *Water Co.,* 172 U. S. 1, 11; *Joy* v. *St. Louis,* 138 U. S. 1, 46.

Defense of appellants upon question of meaning of disputed clause of contract is affirmative. The burden of proof under such a proviso is clear. *United States* v. *Cook,* 17 Wall. 168, 176; and see *Steel* v. *Smith,* 1 B. & A. 99, in which a proviso, exactly as in the case at bar, was construed.

In equity where an answer which is put in issue admits a fact, and insists upon a distinct fact by way of avoidance, the fact admitted is established, but the fact insisted upon must be proved. *Clements* v. *Moore,* 6 Wall. 299, 315; and see to the same effect, *Bour* v. *Kimball,* 40 Ill. App. 327; *Nelson* v. *United States,* 30 Fed. Rep. 116; *Lake Shore Co.* v. *Felton,* 43 C. C. A. 189, 193; *Miller* v. *Shields,* 124 Indiana, 170; *Rowell* v. *Janvrin,* 151 N. Y. 60, 67.

Even had the proviso allowing the cancellation of the contract been absolute, and self-operative in its terms, thus importing a condition, it would still have been a condition subsequent, of which the burden of proof would still be upon the party to be relieved by its fulfillment. *Den* v. *Steelman,* 10 N. J. L. 193, 204; *Hotham* v. *East India Co.,* 1 Term Rep. 638, 645.

The unilateral character of the contract is not open for consideration in this court, but even could the court consider that question, the mutuality of consideration and obligation is plainly apparent on its face.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a decree enjoining the appellants from delivering sugar cane grown on the haciendas Florentina and Estero to the Central Eureka for the term of five crops, beginning with the crop of the year 1906–7, or so long within that term as the appellee is ready to grind and pay for the same; and also from 'selling, donating, renting or mortgaging said haciendas' without stipulating for the carrying out of a contract made with the appellee. The contract referred to bound the appellants to have the cane grown on the two haciendas ground at the sugar factory of the appellee for the term just stated, at a certain price, with mutual agreements not necessary to set forth, but, so far as appears, fair and made upon equal terms. It was subject to a proviso, however, that if on January 15, 1908, the projected Eureka Central should have been erected or should be in course of construction, the appellants might cancel the contract, giving notice on October 1, 1907. The notice was given, but the appellee contended that the Eureka Central referred to was abandoned and that the Central relied upon as the ground for the notice was one got up by the appellants and named Eureka with a view to getting out of their contract with the appellee.

The findings of fact are not entirely satisfactory upon the point in issue. They set out evidence and avoid a conclusion more definite than that which we shall state. It appears, however, that for some years one Swift had been negotiating for the construction of a Central Eureka, and was continuing his efforts on December 10, 1906, when the contract was made. But in October 1906, Javierre had telegraphed to him that negotiations with him were at an end, and there was evidence that Javierre and others had met and made an agreement on October 20 to form a corporation to set up the 'said Central,' to be called the Central Eureka, 'it being almost sure' that Swift had failed. The parties were to sell their cane to this

Central for ten years. The court studiously avoids finding that this agreement was made, but does find that if Javierre signed it he did not consider himself bound by it, and, as has been seen, the contract with the appellee was of later date. The court also finds that it was not generally known that the planters had held the alleged meeting or were contemplating the erection of the Central, and, after stating other details, finds that the appellants have not proved, by a preponderance of evidence, that the contract referred to the Central Eureka started by them, or that the Central Eureka mentioned was other than the one projected by Swift. It ruled that the burden of proof was on the appellants, and thereupon made the decree.

There is some preliminary argument that the finding concerning the continuance of Swift's efforts is not warranted by the pleadings. If this were true, no objection seems to have been made in the court below, where no doubt an amendment would have been allowed if necessary. But it is a mistake. The bill merely alleges that Swift's arrangement failed 'during the latter part' of 1906, and qualifies even this by the further allegation that in the beginning of December Javierre stated to the officers of the complainant (appellee) that he was still bound to Swift, but that the thing had failed, and that he was disposed to make a contract with them if he could have a clause providing for the case of Swift's success. The only real questions concern the ruling on the burden of proof and the propriety of the relief in such a case as this.

As to the burden of proof, if that really in any way determined the result, the ruling was correct. The appellants were seeking to escape from the contract made by them on the ground of a condition subsequent embodied in a proviso. It was for them to show that the facts of the condition had come to pass. It is said that the bill alleges affirmatively a conspiracy to evade the undertaking, but that is merely by way of replication to the answer setting up the condition, and is nothing but a specific mode of denying that the condition had

been fulfilled. An allegation of fact that is material only as an indirect negative of something to be proved by the other party does not shift the burden of proof. *Starratt* v. *Mullen*, 148 Massachusetts, 570. So there is nothing but the general question to be considered and that is answered by the statement of it and by repeated decisions of this court. When a proviso like this carves an exception out of the body of a statute or contract those who set up such exception must prove it. *Schlemmer* v. *Buffalo, Rochester & Pittsburg Ry. Co.*, 205 U. S. 1, 10. *Ryan* v. *Carter*, 93 U. S. 78. *United States* v. *Cook*, 17 Wall. 168. *United States* v. *Dickson*, 15 Pet. 141, 165. Therefore it was for the appellants to prove that the Central referred to by the contract had been built or started. It was not enough to prove that a Central had been built and called by the same name.

The doubt as to the relief granted below is more serious and in the opinion of the majority of the court must prevail. According to that opinion a suit for damages would have given adequate relief and therefore the appellee should have been confined to its remedy at law. Again, the court would not undertake to decree specific performance and to require and to supervise the raising of the crop and the grinding of the sugar for even the now remaining period of the decree. There is a certain anomaly in granting the half way relief of an injunction against disposing of the crops elsewhere when the court is not prepared to enforce the performance to accomplish which indirectly is the only object of the negative decree. There is too a want of mutuality in the remedy, whatever that objection may amount to, as it is hard to see how an injunction could have been granted against the appellee had the case been reversed. *Rutland Marble Co.* v. *Ripley*, 10 Wall. 339. Notwithstanding these considerations I should have preferred to affirm the decree, but as my reasons have been stated to my brethren and have not prevailed it is unnecessary to repeat them now.

*Decree reversed.*