# McFADDEN RICE MILLING COMPANY, Plff.,

## v.

# ARMSTRONG & COMPANY, Dft.

San Juan, Law, No. 1408.

FOREIGN CONTRACT FOR SALE OF RICE.

Code of Commerce—Quære, Whether in Effect.

    1. The Spanish Code of Commerce has not been expressly re-enacted or repealed in Porto Rico. The Code of Civil Procedure adopted in 1904 from Idaho contains some provisions on the subject. Certainly it cannot contravene bankruptcy, shipping, or general commercial law.

Code of Commerce—Interstate Traffic.

    2. A defendant cannot refuse to accept goods bought in another state and claim to have the transaction regulated by local law. Code of Commerce, § 327, does not apply. Sections 1068 and 1091 of the Civil Code, as to fraud and rescission, may apply.

McFadden Rice Milling Co. v. Armstrong & Co.

Judicial Deposit—Inapplicable to Federal Courts.

    3. In Federal practice judicial deposit is unknown except as a tender of money in a pending cause. The Spanish plan of court supervision of commercial transactions is unknown. Local law cannot increase or diminish the equity jurisdiction of a Federal court.

Opinion filed January 13, 1921.

*Mr. Frazer* for plaintiff.

*Mr. Poventud* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case is almost identical with that in Nos. 1413, 1417, 1419, and 1420, brought by the same plaintiff against different defendants, each alleging the sale of rice, and its unlawful rejection by defendants upon arrival. It is alleged that thereupon the plaintiff sold the rice for account of the defendant and now sues for the difference in price. There is filed in each case a demurrer setting up that the complaint is defective because in the first place it fails to aver proceedings for the appointment of experts under § 327 of the Code of Commerce of Porto Rico, and in the second, that the complaint does not allege the judicial deposit of the goods prior to bringing suit under §§ 332 and 339 of the same Code, as well as under § 1678 of the Civil Code as to depositum. It becomes necessary, therefore, to determine whether these sections apply to a suit of the character of the one at bar.

1. The Spanish Code of Commerce has not been expressly re-enacted in Porto Rico, but is in effect, if at all, because

XII. Porto Rico.—10.

McFadden Rice Milling Co. v. Armstrong & Co.

in force here under Spanish rule and never expressly abolished. On the Continent the business of merchants did not come under the ordinary civil procedure, which in its origin related mainly to land and only gradually extended itself to contracts of any kind. The first real medieval codes, therefore, were codes of commerce, relating mainly to commerce by sea, but extending also to fairs and the like. Land commerce became very important, with the result that in France the Ordonnances of Louis XIV. amounted to a virtual code, and were in fact the basis of Napoleon's Code of Commerce, which in turn was the origin of that of Spain and other countries. While the Code of Commerce was thus applicable to the contracts of merchants, the Civil Code was the general code for the state, and in England and America provisions of civil law have largely supplied the place even of commercial regulations. The American states have no code of commerce, except limited provisions as to banking and commercial paper. As the Code of Commerce has not been expressly re-enacted in Porto Rico, and the Code of Civil Procedure adopted in 1904 from Idaho contains provisions covering the same subjects from a civil point of view, it may be a matter of doubt how far the Code of Commerce as a system can be said now to prevail. It is not necessary, however, to determine the point in the case at bar. It cannot contravene bankruptcy, shipping, or general commercial law.

2. As already decided in Standard Rice Co. v. Carrera, ante, 136, cases like the one at bar do not strictly come under a local code but under the general commercial law as administered by the courts of the United States. Goods must cease to be in interstate transit and become a part of the general property of the community before they are subject to the

McFadden Rice Milling Co. v. Armstrong & Co.

local laws. The defendant cannot refuse to accept goods bought in another state and then claim to have the transaction regulated by the local laws. It would seem, therefore, that the provision as to § 327 of the Code of Commerce of Porto Rico cannot apply to the case at bar, whatever may be the rule as to local transactions.

On the other hand, §§ 1068 and 1091 of the Civil Code as to fraud and rescission, relating to remedies, may very well apply. It is argued for the plaintiff that it had its choice of two remedies,—specific performance under the Code of Commerce, or rescission and suit for damages under the Civil Code. Whatever may be true of the former, the plaintiff is proceeding under the second remedy, that of § 1068 of the Code, seeking damages. It is held in Pesquera v. Mari, 23 P. R. R. 592, that § 1068 applies to both civil and commercial transactions. To the same effect is Wantzelius v. Corado, 24 P. R. R. 288. Manresa Comentario, art. 1124 of the Spanish Code, Porto Rico, 1091.

3. Judicial deposit to carry out the Code of Commerce arts. 325–332 constituted a special feature of the Spanish law of civil procedure, part II. title 2, arts. 2080–2088. This has been superseded by the present Code of Civil Procedure and cannot be said now to prevail. Even if this were otherwise, the deposit procedure would be inapplicable to the Federal court, for in Federal practice judicial deposit is unknown except as a money tender in a pending case. Judicial deposit of the kind claimed in the demurrer is a part of the Spanish procedure by which the courts supervise commercial transactions. This is unknown in American law and cannot be imported into it by any theory of adoption of local remedies.

Even in equity there could be no such remedy, for it would partake of the nature of specific performance, which would not apply to contracts as to personalty. Local law cannot increase or diminish the equity jurisdiction of Federal courts. Whitehead v. Shattuck, 138 U. S. 146, 34 L. ed. 873, 11 Sup. Ct. Rep. 276; Javierre v. Central Altagracia, 217 U. S. 502, 54 L. ed. 859, 30 Sup. Ct. Rep. 598. This court has original jurisdiction over all suits of a civil nature where the matter in controversy amounts to $3,000 if between citizens of different states, and local provisions calling for remedies unsuited to our practice cannot apply to the Federal court. There can no doubt be the defense of nonconformity to samples, but in foreign contracts complete in form it is a remedy to be set up in court upon the trial.

It follows that the demurrer is not well taken and must be overruled on both grounds.

It is so ordered.