**FOWLER v. UNITED STATES (two cases).**

(District Court, N. D. Texas, Wichita Falls Division. April 5, 1926.)

Nos. 355, 356.

**1. Statutes �köö245.**

In construing tax statutes, court must consider intent of law-making body.

**2. Statutes �köö245.**

Doubt in tax law must be resolved in favor of taxpayer.

**3. Statutes �köö245.**

In construing a tax statute, simple method of calculation is preferred.

**4. Internal revenue �köö38.**

Person setting up exception or exemption from taxation must establish it within the words, as well as within reason, of provisos giving such exception.

**5. Statutes �köö225¾.**

Re-enactment of legislation after construction of similar legislation by executive department is deemed to be an approval of such construction.

**6. United States �köö40.**

Regulation made in pursuance of an act of Congress has force of law.

**7. Internal revenue �köö7—Portion of surtax attributable to sale of oil well, etc., which may not exceed 20 per cent., is in same proportion to total tax as income from sale to total net income (Revenue Act 1918, § 211 [a] [b], being Comp. St. Ann. Supp. 1919, § 6336⅛ee).**

Revenue Act 1918, § 211(b), being Comp. St. Ann. Supp. 1919, § 6336⅛ee, providing that portion of income surtax attributable to sale of mines, oil or gas wells, or interest therein, shall not exceed 20 per cent. of selling price, must be harmonized and read with section 211(a), and portion of surtax attributable to such sale is portion thereof bearing same proportion to total surtax computed in ordinary way which income from such sale bears to total net income.

At Law. Consolidated actions by M. Fowler and by Mrs. Darley Fowler against the United States. Judgment for defendant.

Harry C. Weeks, of Wichita Falls, Tex., for plaintiffs.

N. A. Dodge, Asst. U. S. Atty., of Fort Worth, Tex., and Shelby Faulkner, Atty., Bureau of Internal Revenue, of Washington, D. C., for the United States.

ATWELL, District Judge. In 1918 the plaintiffs, as man and wife, each received an income of $88,934.01, subject to taxation under the Revenue Act of that year (40 Stat. 1057); $41,572.90 each were derived from the sale of an oil property, the principal value of which was demonstrated by explora-

tion and discovery work carried on by them. The selling price of this property was $83,645.80. It had cost $500; $41,822.90, therefore, went to Mr. Fowler, and a like sum to Mrs. Fowler. Each was assessed and paid the sum of $28,502.81 income tax.

There is no dispute between the parties as to the amount of income. The issue arises out of a construction of section 211 (b), which reads as follows:

"211 (b). In the case of a bona fide sale of mines, oil or gas wells, or any interest therein, where the principal value of the property has been demonstrated by prospecting or exploration and discovery work done by the tax payer, the portion of the tax imposed by this section attributable to such sale shall not exceed 20 per centum of the selling price of such property or interest." Comp. St. Ann. Supp. 1919, § 6336⅛ee.

The plaintiffs contend that the history of the amendment, as well as the plain intent and wording thereof, demand that the taxpayer shall pay the normal tax for the entire amount of net income; that he shall also pay the tax provided in section 211 (a) and 211 (b); that this is calculated by figuring the amount that would be due on the entire net income, including the amount derived by a transaction which comes within section 211 (b), in accordance with the provisions of section 211 (a), and then by deducting from such amount the amount found to be due under section 211 (a) on income not derived from a 211 (b) transaction, and, if the remainder is greater than 20 per cent. of the cost price of the transaction under 211 (b) then and in that event the amount shall be that 20 per cent. of the cost price of 211 (b), instead of such remainder, and the two added make the surtax due.

The government calculation is based on article 13 of regulation 45 by the Commissioner of Internal Revenue, which reads as follows:

"To determine the application of this provision to a particular case, the taxpayer should first compute the surtax in the ordinary way upon his net income, including his net income from any such sale. The portion of the surtax indicated by the ratio which the taxpayer's net income from the sale of the property, or his interest therein computed as prescribed in article 715, bears to his total net income, is the portion of the surtax attributable to such sale, and, if it exceeds 20 per cent. of the selling price of the property or interest such portion of the surtax shall be reduced to that amount."

The board of Tax Appeals says that there

are "three possible methods of computing the tax." That "a net income may be likened to a pile of dollars from which the government proposes to take varying percentages"; the profit from the sale of oil wells may be regarded as constituting the dollars "at the bottom of the pile," and the balance of the income constitutes the dollars above it on the same pile, is one theory. This would afford the taxpayer no relief, because, while his oil well dollars would be at the bottom of the pile, they would serve to boost all of his other dollars to a much higher taxable level. "The profit from the sale of an oil well at the top of the pile with the dollars from other income at the bottom would be most advantageous to the taxpayer, since his other income would get the low rate, and then the higher rate for the oil well money at the top of the pile would be reduced by the provisions of section 211 (b)."

The third method "places the profit from the sale of an oil well as a ratable portion of each dollar in the pile." By such an arrangement the taxpayer is benefited by 211 (b) to the extent that the proportion of the total tax attributable to the profit on the oil well exceeds 20 per cent. of the sale profit. The taxpayer, of course, wants the lowest tax that the law will allow. There seems to be nothing in the law that authorizes a division of the income of a taxpayer into separate parts, so that each part will have the benefit of the low surtax rates, unless section 211 (b) would result in that situation.

The suggestion is made that the regulation of the Commissioner is to have no application in a case where an absurdity would result; as, for instance, when a taxpayer loses from other business, and such losses are offset by gains from a sale of an oil well, the entire tax, when computed under section 211 (a), is attributable to such gain, and should be limited to the 20 per cent. of the sale price of the well provided for in section 211 (b).

Counsel for the plaintiffs call attention to the history of section 211 (b) as disclosed in congressional records. It appears that the National Petroleum War Service Committee submitted section 211 (b) as proposed legislation for the benefit of the discoverer. Likewise the records disclose that before the Senate Committee on Finance there appeared a representative of the Mid-Continent Oil & Gas Association, who made similar representations, as did also another representative before the same committee. Likewise the Texas Gulf Coast and Louisiana Oil & Gas

Association appeared. Hearings before Senate Finance Committee, p. 392. The Senate finally adopted the bill with the 20 per cent. provision in it, and at conference the House representatives receded, and an addition to the law was agreed upon, substantially as recommended by the petroleum interests. This was for the purpose of stimulating prospecting and exploration, and that the law might be fair to the prospector, who had expended years and money in a fruitless search.

It may be conceded, therefore, that section 211 (b) was intended as a limitation upon surtaxes; that Congress meant that the seller of a discovery property should pay no more in surtaxes than 20 per cent. of the selling price of the property. Many economic considerations enter into the mind of the thoughtful legislator when framing tax laws. It is imperative, during war times, to stimulate the oil industry. This stimulation is accomplished if the man who finds can sell what he finds to the organization that can, by reason of its utilities, place what he finds for the service of the nation. If the man who finds is to be deprived of a large part of his profit through large surtaxes, he will prefer to hold what he finds. He has searched for years fruitlessly, and it hardly seems fair that one year's triumph should carry such a large burden, when many years of failure have sharpened his experience and probably resulted in his successful search.

[1-6] A very sensible way to look at the tax on one's income is to tax the entire income. Such an entirety includes whatever the taxpayer has received. Some of the axioms which must be in the mind of the court when seeking the righteousness of a tax case are: (a) The intent of the law-making body. 26 R. C. L. 960 (b). Doubt in a tax law shall be resolved in favor of the taxpayer. Gould v. Gould, 38 S. Ct. 53, 245 U. S. 151, 62 L. Ed. 211; United States v. Wigglesworth, 2 Story, 368, Fed. Cas. No. 16690; Benziger v. U. S., 24 S. Ct. 189, 192 U. S. 38, 48 L. Ed. 331; American Net & Twine Co. v. Worthington, 12 S. Ct. 55, 141 U. S. 468, 35 L. Ed. 821; Smietanka v. First Trust & Savings Bank, 42 S. Ct. 223, 257 U. S. 602, 66 L. Ed. 391. (c) The simple method of calculation is preferred. Edwards v. Slocum (C. C. A.) 287 F. 651, Id., 44 S. Ct. 293, 264 U. S. 61, 68 L. Ed. 564. (d) Those who set up an exception or exemption from taxation must establish it as being within the words, as well as within the reason, of the provisos giving such exception. Accident Co. v. Pick-

ering (D. C.) 281 F. 539; Javierre v. Central Altogracia, 39 S. Ct. 598, 217 U. S. 502, 54 L. Ed. 859; Schlemmer v. Railway Co., 27 S. Ct. 407, 205 U. S. 10, 51 L. Ed. 681; Cornell v. Coyne, 24 S. Ct. 383, 192 U. S. 418, 48 L. Ed. 504. (e) The re-enactment of legislation after the construction of similar legislation by the executive department would seem to be an approval of such construction. (f) A regulation made in pursuance of an act of Congress has the force of law.

[7] Of course, whether the executive department uses algebra or arithmetic, proportion or analysis, is immaterial. All methods should give the same result and the method depends upon the taste of the employee who figures the amount. That part of section 211 (b) which reads as follows: "The portion of the tax imposed by this section attributable to such sale shall not exceed 20 per centum of the selling price"— is the command of the lawmaker. It is a limitation upon the table contained in section 211 (a). That may not be done indirectly which cannot be done directly. The collection of a tax greater than that allowed in 211 (b), for a 211 (b) transaction, cannot be accomplished under 211 (a) by any rule or regulation. But the two must be harmonized and read together. From the beginning income tax legislation has evidenced a graduated rate, which is progressively higher as the income increases. The income of the taxpayer is therefore the body at which the law is directed, and it must be considered as a whole; otherwise, there would be no effectiveness in such a system of taxation. Section 211 (b) contains no suggestion that there is to be any departure from this policy. Neither is there anything in the section under scrutiny to warrant the placing of the amount received from the sale of a discovery property in any particular place in the income column. It gives complexion to the entire column. It adds its color to the entire accumulation for the income period.

The only irrefutable method known to mathematics for the ascertainment of the participation in such a whole by a particular part is by proportion. This is the method that the government agents adopted. That the government method may be proven faulty by assuming that the plaintiffs' method is correct, or that the defendant's method is faulty by assuming that the government's method is correct, is not the proper test. Neither may be championed as correct until proven so by the eyes of the full-purposed law.

11 F.(2d)—57

The plaintiffs have paid their surtax calculated upon the theory that their entire income, that which falls under 211 (a) as well as that which falls under 211 (b), made up an entirety, without any particular location for either one, and they have had the benefit of the deduction provided for in 211 (b) on such a basis. This payment appears to have been correct. Any other system would defeat the basic rock of the income tax theory. It would be like attributing a part of a youth's body to growth during the year 1925, when, as a matter of fact, 1925 contributed to the entire body, and entered into the shape and growth and fashioning of it all.

Judgment will be entered for the defendant.