### AMERICAN STEEL FOUNDRIES v. LAUGHLIN et al.

District Court, N. D. Illinois, E. D. January 8, 1927.

No. 6356.

Russell Whitman and Whitman Taylor, both of Chicago, Ill., for plaintiff.

Joshua R. H. Potts, of Chicago, Ill., for defendants.

WILKERSON, District Judge. Much of this bill is framed as if it were for relief against the fraud of defendants in connection with the assignment. There are averments as to suppression of facts and conspiracy to extort money for the patent to be issued and insinuations of unprofessional conduct. Defendants, however, offer to repay the $5,000 if plaintiff will reassign the patent. Plaintiff rejects this tender, repudiates any design to seek a rescission, and adopts and stands on the contract. The allegations of fraud, therefore, seem to have no place in the case, except to give some kind of color to it. It is only fair to say, since that issue was injected into the case, that the allegations of fraud and unprofessional conduct against defendant Potts are wholly unsustained by proof.

Plaintiff seeks a specific performance of the agreement "to join in signing any lawful and proper application for" a reissue of the patent. It is an essential requirement to a reissue that the error must have arisen by inadvertence, accident, or mistake. The proof shows that the alleged error sought to be corrected by the voluminous claims submitted to defendants did not arise by inadvertence, accident, or mistake.

It is also an essential requirement to a reissue that the new patent must be for the "same invention." Stafford Co. v. Coldwell-Gildard Co. (C. C. A.) 202 F. 744; Northrop v. Draper Co. (C. C. A.) 239 F. 719. In Northrop v. Draper Co., supra, the defects which it was sought to remedy were held to be obvious defects, and the intention of the inventor was held to be manifest upon a consideration of the specifications and claims. The alleged defects here are not obvious, and it is clear that it was the intention of the inventor to limit the claims to car wheels.

The terms of a contract which is sought to be specifically executed should be so precise that neither party could reasonably misunderstand them. If the contract is vague or uncertain, a court of equity will not exercise its extraordinary jurisdiction to enforce it, but will leave the party to his legal remedy. To entitle a party to specific performance of a contract, it must be so certain and unambiguous in its terms and in all its parts that the court can require the specific thing contracted for to be done. Colson v. Thompson, 2 Wheat. 336, 341, 4 L. Ed. 253; Dalzell v. Dueber Watch-Case Mfg. Co., 149 U. S. 315, 13 S. Ct. 886, 37 L. Ed. 749; Threlkeld v. Inglett, 289 Ill. 90, 97, 98, 124 N. E. 368; Louisville N. A. & C. Ry. Co. v. Bodenschatz-Bedford Stone Co., 141 Ind. 251, 39 N. E. 703. Nor will specific performance be granted in a case which calls for the supervision of the court, or where too great a burden is imposed upon the court and a degree of expert knowledge required, which neither the court nor its officers can be expected to possess. Javirena v. Central Altagracia, 217 U. S. 502, 508, 30 S. Ct. 598, 54 L. Ed. 859; Louisville N. A. & C. Ry. Co. v. Bodenschatz-Bedford Stone Co., supra.

[5] An examination of the multitude of claims which the court is asked to require defendants to adopt as the basis of an application for reissue shows that plaintiff has failed to make a showing for specific performance. The court is asked, not to aid in the correction of obvious defects, but to become a patent attorney and to formulate new

claims, which shall be for the same invention as the one covered by the old claims. Plaintiff's bill states that, before the assignment was executed, plaintiff's patent attorney examined the patent and gave an opinion that invention disclosed by the patent was apparently of much broader scope than that covered by the form of the claims.

Plaintiff's attorney did not disclose to defendants the scope of the reissue which he had in mind under the clause of the assignment in question. He should have brought it to defendants' attention, and the contract, if it had been executed on that basis, should have been specific and definite. Plaintiff's attorney carefully concealed his notion that he could have a patent limited to car wheels expanded by reissue to cover the entire field. He permitted the assignment to be executed by defendants under the manifest understanding, as shown by the correspondence and all the circumstances, that the patent was limited to car wheels. Having obtained the assignment, he springs the point and seeks the aid of a court of equity to coerce the defendant into executing an application for more than 50 claims, covering a field many times as broad as the one into which plaintiff purchased. Plaintiff's showing is not sufficient for specific performance, nor does it conform to those principles of equity and fair dealing upon which all equitable relief is granted.

Plaintiff seeks an inquisition into application No. 514,081, now pending in the Patent Office. An inventor, by assigning one patent, does not give to the assignee the right to inquire into applications pending in the Patent Office for other patents. Only one valid original patent can be granted to an inventor on one invention; and, if a plurality of such patents are granted, all except the first are void. Miller v. Eagle Mfg. Co., 151 U. S. 186, 197, 14 S. Ct. 310, 38 L. Ed. 121; Suffolk Co. v. Hayden, 3 Wall. 315, 18 L. Ed. 76.

Plaintiff has exactly what it paid for—the first patent on this invention as applied to car wheels. If it does not like its bargain, defendants offer to take back the patent and repay the money. If application No. 514,081 ripens into a patent, such patent cannot defeat any of the rights of plaintiff under its first patent, even if the second patent covers the same invention as the first, in whole or in part. And it is manifest that, except for the point which plaintiff's patent attorney was carrying around carefully concealed in his mind, the pending application is not for the same invention as the one cov-

ered by the patent which plaintiff purchased, and which in unequivocal terms is limited to car wheels.

As to the discovery, it may be further observed that, where the bill is for relief and discovery, the bill cannot be sustained solely for the sake of the discovery.

Bill and counterclaim will be dismissed for want of equity.