## ARIZONA EDISON CO. v. SOUTHERN SIERRAS POWER CO.

(Circuit Court of Appeals, Ninth Circuit. February 28, 1927.)

No. 4963.

1. Appeal and error ☜863—Appellate court may properly determine whether injunctive relief may be granted, where bill seeks to enjoin breach of contract.

Where bill of complaint seeks to enjoin breach of contract, appellate court may properly consider whether or not the case is of class of cases in which injunctive relief may be granted.

2. Appeal and error ☜1175(7)—Appellate court may direct dismissal of bill to which there is insuperable objection.

Where there is an insuperable objection to bill, either as to jurisdiction or merits, appellate court may enter a final decree directing dismissal.

3. Injunction ☜1—Principles applicable to enjoining breach of contract and decreeing its specific performance are the same.

To enjoin a breach of contract is in effect to decree its specific performance, and principles applicable to the two remedies are the same.

4. Specific performance ☜75—Equity will not decree performance of continuous duty extending over series of years.

Court of equity will not decree a party to perform a continuous duty extending over series of years, but will leave aggrieved party to his remedies at law.

5. Injunction ☜59(2)—Equity held not to have jurisdiction to enjoin breach of contract for sale of electric energy by California corporation to Arizona corporation.

Court of equity held not to have jurisdiction to enjoin breach of contract for sale of electric energy by California corporation to an Arizona corporation to be distributed for public use, because of its inability to dispose of whole controversy and necessity of thereafter superintending and continuing performance of contract.

Appeal from the District Court of the United States for the District of Arizona.

Suit by the Southern Sierras Power Company against the Arizona Edison Company. From an order refusing to dissolve an injunction theretofore granted, defendant appeals. Reversed and remanded, with directions.

The bill of complaint alleged in substance that on March 15, 1917, the Coachella Valley Ice & Electric Company, a California corporation, engaged in the business of selling and distributing electric energy to the public in that state, entered into a contract with the Yuma Light, Gas & Water Company, an Arizona corporation, to furnish and deliver to the latter electric energy to be distributed for public use in and about the city of Yuma for a period of 15 years from and after May 1, 1917, for which the Yuma Company promised and agreed to pay at rates specified in a schedule set forth in the contract, and further agreed that it would use no power other than electric power received from the Coachella Company for the purpose of supplying its district with electric energy for light, heat, or power during the term of the contract; that the Coachella Company complied with the terms of said contract until May 21, 1918, when it sold and transferred the contract and its property to the appellee herein; that the appellee, being a public utility and subject to the jurisdiction of the California Railroad Commission, made application to that commission for the ascertainment and establishment of just and reasonable rates to be charged by it, and it was on September 16, 1920, authorized by the commission to make a charge in excess of that which had been agreed upon in the contract; that the rates so established by the commission remained in effect until August 25, 1921, when they were again modified by the commission; that the change in rates so ordered was acquiesced in by the Yuma Company until on October 1, 1925, its rights in and to the contract were duly assigned to the

appellant; that the appellant accepted the assignment and accepted the appellee in the place of the Coachella Company.

The bill further alleged that the appellant proposes, threatens, and intends to construct an electric power-generating plant of its own, and to purchase electric energy from others than the appellee, and to violate its contract with the appellee, and refuse and fail further to accept from it all or any of the electric energy necessary or required for the conduct of its business in and about the city of Yuma and such other territory as it may serve; that the appellee has no plain, speedy, or adequate remedy at law, and prays for an injunction enjoining the appellant from purchasing from others than the appellee, or from generating at its proposed generating power plant (except for stand-by service in case of interruptions), all or any part of the electric energy necessary for the conduct of its business during the remainder of the unexpired term of the contract. Upon an application for an injunction pendente lite the appellant was, until the final determination of the case, enjoined as prayed for in the bill of complaint. Thereafter there was a hearing on the appellant's motion to dissolve the injunction, on the grounds that the appellee had an adequate remedy at law, that the bill was without equity, and that the Corporation Commission of Arizona had by its order of June 19, 1926, found that the supply of electricity furnished by the appellee to consumers at Yuma was insufficient and inadequate. From the order refusing to dissolve the injunction, the appeal is taken.

Everett F. Ellinwood, John Mason Ross, James S. Casey, and Martin Le Boutillier, all of Phœnix, Ariz., for appellant.

Henry W. Coil and Newman Jones, both of Riverside, Cal., and Louis H. Chalmers, Floyd M. Stahl, H. M. Fennemore, and Thomas G. Nairn, all of Phœnix, Ariz., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The scope of the inquiry on the appeal is not confined to the question of the exercise of the trial court's discretion, which is usually decisive on appeals from orders granting or refusing to dissolve interlocutory injunctions. In a case such as we find this to be, an appellate court may properly go farther and consider whether or not the case made by the bill of complaint is of the class of cases in which in-junctive relief may be granted; for it is well-settled that, where there is an insuperable objection to the bill, either as to jurisdiction or merits, an appellate court may enter a final decree directing its dismissal. Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 495, 20 S. Ct. 708, 44 L. Ed. 856; Harriman v. Northern Securities Co., 197 U. S. 244, 287, 25 S. Ct. 493, 49 L. Ed. 739; U. S. Fidelity Co. v. Bray, 225 U. S. 205, 214, 32 S. Ct. 620, 56 L. Ed. 1055; Denver v. New York Trust Co., 229 U. S. 123, 136, 33 S. Ct. 657, 57 L. Ed. 1101.

[3-5] To enjoin the breach of a contract is, in effect, to decree its specific performance, and the principles applicable to the two remedies are the same. 2 Pom. Equity Jur. (3d Ed.) § 1341; Hutchinson Gas & Fuel Co. v. Wichita Natural Gas Co. (C. C. A.) 267 F. 35. In Hennessy v. Woolworth, 128 U. S. 438, 442, 9 S. Ct. 109, 111 (32 L. Ed. 500) Mr. Justice Harlan said: "Specific performance is not of absolute right. It rests entirely in judicial discretion, exercised, it is true, according to the settled principles of equity, and not arbitrarily or capriciously, yet always with reference to the facts of the particular case."

It is a settled principle that a court of equity will ordinarily decree specific performance only when it can dispose of the matter in controversy by a decree capable of present performance. It will not decree a party to perform a continuous duty extending over a series of years, but will leave the aggrieved party to his remedies at law. Marble Co. v. Ripley, 10 Wall. 339, 359, 19 L. Ed. 955; Javierre v. Central Altagracia, 217 U. S. 502, 30 S. Ct. 598, 54 L. Ed. 859; Texas & P. R. R. Co. v. City of Marshall, 136 U. S. 405, 10 S. Ct. 846, 34 L. Ed. 385; Berliner Gramophone Co. v. Seaman (C. C. A.) 110 F. 30; Electric Lighting Co. of Mobile v. Mobile & S. H. Ry. Co., 109 Ala. 190, 19 So. 721, 55 Am. St. Rep. 927; United Cigarette Mach. Co. v. Winston C. Mach. Co. (C. C. A.) 194 F. 947, 958; York Haven Water & Power Co. v. York Haven P. Co. (C. C. A.) 201 F. 270, 277; Poultry Producers of Southern Cal. v. Barlow, 189 Cal. 278, 208 P. 93; City of Newport v. Newport Light Co. (Ky.) 21 S. W. 645.

If in the instant case the trial court by final decree should enjoin the appellant from breaching during the term thereof the contract as it now stands, such a decree would not necessarily finally dispose of the rights of the parties under the contract. Nor would it meet a situation that might thereafter arise under the numerous provisions of this compli-

cated contract, or in case the Railroad Commission of California should exercise the power which the bill alleges it to possess to command the appellee to advance the rates chargeable to the appellant. In brief, the inability of a court of equity to dispose of the whole controversy, and its refusal to superintend the protracted and continuous performance of a contract, stand in the way of the injunctive relief which is here sought. Although the general rule of equity practice has been relaxed in cases in which public interests were so far involved as to be found of controlling importance, and of such a nature as to demand the enforcement of similar contracts (Joy v. St. Louis, 138 U. S. 1, 47, 11 S. Ct. 243, 34 L. Ed. 843; Union Pac. Ry. Co. v. Chicago, etc., Ry. Co., 163 U. S. 564, 16 S. Ct. 1173, 41 L. Ed. 265), it is believed that in no instance has specific performance been decreed of contracts such as this, where, as here, public interests were in no way imperiled, and no principle of public policy prevented the relegation of the plaintiff to his legal remedies.

Indeed, so far as public interests are concerned in this case, it is manifest that they are opposed to the enforcement of the contract, for the Arizona Corporation Commission, by its order of June 19, 1926, has found that the service furnished by the appellant to consumers of electrical energy in Yuma is wholly unreasonable, insufficient, unsatisfactory, and inadequate by reason of its failure to receive from the appellee an uninterrupted primary supply of electrical energy, which service the commission found to be the best that the appellee could furnish, "and," says the order of the commission, "inasmuch as it is absolutely essential that reasonable, sufficient, satisfactory, continuous, and adequate service of electrical energy be furnished by Arizona Edison Company to the consumers in Yuma, it is further ordered that said Arizona Edison Company is directed and required, at the earliest possible date hereafter, to secure and provide a reasonable, sufficient, satisfactory, continuous, and adequate primary supply of electrical energy for sale and distribution to its consumers in Yuma, Arizona."

The appellee contends that the order of the Arizona Commission, if construed as prohibiting the performance of the contract, is void, for the reason that the contract is to be performed in the state of California, and the jurisdiction of the commission does not extend to service rendered by the appellee in that state. The jurisdiction of the commis-

sion extends nevertheless to the appellant and controls its action, and the said order, and the commission's possible future orders to the appellant, but add to the complications which will conflict with the power of a court of equity to supervise and direct the continuous performance of the contract.

The order of the court below is reversed, and the cause is remanded, with instructions to dismiss the bill.