UNIVERSAL RIM CO. v. GENERAL MO-
TORS CORPORATION et al.

District Court, E. D. Michigan, S. D.   July 27,
1927.

No. 1734.

1. Equity �købₐ361—Order pursuant to stipula-
tion extending time to answer held to permit
motion to dismiss.

Order pursuant to stipulation extending
time to answer *held* broad enough to permit de-
fendant to file motion to dismiss.

2. Injunction ⊜══59(1)—Injunction will not be
granted to compel specific performance of
contract requiring continuous supervision by
court.

Injunction will not be granted, where its ef-
fect would be to compel specific performance of
a contract more or less complex, and the en-
forcement of which would entail supervision by
a court of equity of continuous transactions
between parties over an extended period.

3. Injunction ⊜══59(1)—Bill held not main-
tainable to enjoin violation of contract grant-
ing licenses under large number of patents.

Bill *held* not maintainable to enjoin defend-
ant from manufacturing wheel rims covered by
a contract licensing such manufacture under
some 40 patents having several years to run,
without performance of the conditions and pay-
ment of the royalties provided therein.

4. Injunction ⊜══57—Suit held one to 'en-
force payment of royalties under license con-
tract for which legal remedy was adequate.

Suit *held* in effect one to enforce payment
of royalties under license contract and for
damages, injunctional relief being merely to
enforce such claim, for which the legal remedy
was adequate.

In Equity.   Suit by the Universal Rim
Company against the General Motors Corpo-
ration and the Jaxon Steel Products Divi-
sion.   On motion to dismiss bill.   Granted.

Arthur William Nelson, of Chicago, Ill.,
and Edward M. Pagelsen, of Detroit, Mich.,
for plaintiff.

Rector, Hibben, Davis & MacCauley, of
Chicago, Ill., and Stevenson, Butzel, Eaman
& Long, of Detroit, Mich., for defendants.

SIMONS, District Judge.   The nature of
the bill is indicated by the single prayer for
relief contained therein; the plaintiff pray-
ing that the defendant may be restrained and
enjoined from manufacturing or selling any
wheel and rim constructions which are includ-
ed in and covered by the terms and conditions
of certain license agreements set forth fully
in the bill, excepting only on condition that
the defendants shall perform each and every
obligation imposed by the said license agree-
ments, and shall pay to the plaintiff all of the
royalties due and owing on rim and wheel

constructions already manufactured and sold,
and shall compensate the plaintiff for all
losses and damages caused to it by the failure
of the defendants to pay and discharge all of
the obligations imposed 'by the said agree-
ments, and for such further and other relief
as may be equitable and just.

The agreements entered into between
plaintiff and the defendants are license agree-
ments for the use and sale of certain de-
mountable rim constructions for wheels under
some 16 patents owned by the plaintiff at the
time the agreements were entered into.   It
was also agreed that the licenses should ex-
tend to any patents that might afterwards be
acquired by the licensor, and the bill recites
some twenty-five patents subsequently ac-
quired by the plaintiff, and which are claimed
to be included in and covered by the agree-
ment.   The term of the contracts was to ex-
tend to the end of the terms of the several
patents, except that the contracts might be
surrendered and terminated by the licensees
at any time after 10 years from their dates.
The contracts contain a number of other cove-
nants, mutually interdependent.

Before pleading to the bill of complaint,
defendants asked for and secured from the
plaintiff a stipulation extending the time in
which to answer.   Before the expiration of
the extension defendants filed a motion in
the cause, asking that the bill be dismissed on
the ground that the relief prayed for is not
such as ought to be granted by a court of
equity, that the plaintiff has an adequate
remedy at law, that it does not appear from
the averments of the bill that the plaintiff
will suffer irreparable injury if injunction is
not granted, and that the bill is otherwise de-
fective, in that certain of its averments are
indefinite and vague.

[1] Plaintiff's position with respect to the
motion to dismiss is that the extension of time
granted to the defendant by stipulation was
by the express terms of such stipulation for
the sole purpose of filing an answer, that the
defendants must be limited now to the step
for which the extension was obtained, and
that the motion ought therefore to be dis-
missed, relying upon rule 12 of the equity
rules.   In view of the fact, however, that the
issues raised by the defendant's motion may
again be raised by answer, no purpose can
be served, in view of the fact that arguments
have been made and briefs submitted, by de-
nial of the motion at this time, and a recon-
sideration of the issues raised by it upon a
trial of the case upon its merits, except one
of delay.   It seems to me, therefore, that the

stipulation ought to be interpreted broadly, and the order made in pursuance of it similarly construed, and, so construed, to be held to cover the right of the defendants to interpose any proper plea within the extended time. I shall therefore pass to the merits of the controversy.

[2] The relief sought by the bill, as seems to be clearly indicated by the prayer thereof, is against the breach of a negative covenant, at least one negative in form, if not in effect. Subject to certain exceptions not here in point, where more or less definitely specific acts may be enjoined, the rule seems to be settled that, where the effect of an injunction would be to compel specific performance of a contract, more or less complex in its nature, and the enforcement of which would entail the supervision by a court of equity of continuous transactions between parties over an extended period, such injunction will not be granted. Shubert v. Woodward (C. C. A.) 167 F. 47; Marble Co. v. Ripley, 77 U. S. (10 Wall.) 339, 19 L. Ed. 955; Incorporated Town of Laurens v. Northern Iowa Gas & Electric Co. (D. C.) 262 F. 712; Washburn & Moen Manufacturing Co. v. Freeman Wire Co. (C. C.) 41 F. 410; 32 Corpus Juris, 194; Javierre v. Central Altagracia, 217 U. S. 502, 30 S. Ct. 598, 54 L. Ed. 859; Berliner Gramophone Co. v. Seaman (C. C. A.) 110 F. 30; United Cigarette Machine Co. v. Winston Cigarette Machine Co. (C. C. A.) 194 F. 947; Standard Fashion Co. v. Magrane, Houston Co. (C. C. A.) 251 F. 559; Voigt Brewery Co. v. Holtz, 168 Mich. 352, 134 N. W. 19.

[3] Applying what seems to be the prevailing rule to the situation in the instant case, as presented by the bill and motion filed herein, it would seem to me inevitable that, if injunction were granted as prayed for, and upon the terms asked, it would necessitate a close and constant supervision of the activities of the defendant in its sale or use of wheel and rim constructions, and a determination from time to time by this court as to whether such wheel and rim constructions are covered by the claims of any of the numerous patents now owned or controlled by the plaintiff, and a supervision also of the activities of the plaintiff in reference to the covenants to be performed by it under the terms of the contract. Manifestly this is not the sort of supervision over the conduct and activities of parties that a court of equity can undertake to exercise, either in the enforcement of an injunctional order or of a decree for specific performance.

I am not unmindful of the earnest consideration that should be given, and which has been given, to the unreported opinion of the District Court of the Northern District of Ohio in the case of Universal Rim Co. v. Frank A. Scott, Receiver, 21 F.(2d) 346, filed by Judge Westenhaver on March 17, 1922. The important question decided in that case, however, was whether or not a receiver appointed by the court should or should not make his election to affirm or disaffirm a license agreement. The apparent holding on the right to relief by injunction was in the Scott Case merely incidental to the principal issue therein determined, and was considered in the opinion filed, as immaterial because of the conclusions stated relating to other aspects of the case. Nor does it appear that the District Court therein had its attention called to the impressive array of authority on the subject of injunctional relief against breach of negative covenants that is here presented.

[4] In view of the limitations of the bill of complaint herein, and the specific relief asked for, it would seem to be clear that the suit is brought solely for the purpose of recovering royalties claimed to be due under the contract, and damages, and that the injunctional relief is asked merely for the purpose of enforcing such claim. In view of this construction, which seems to me to be inevitable, it is perfectly clear that the plaintiff has an adequate and complete remedy at law. It seems to me wholly unnecessary to extend this opinion by a recital and discussion of authorities.

For the reasons stated, the motion to dismiss the bill of complaint will be granted, and an order may be entered accordingly.