### UNITED STATES v. BEATTY.
#### Civ. No. 944.

United States District Court
S. D. Iowa, C. D.
Dec. 17, 1949.

Randal J. Elmer, Litigation Attorney from Office of Housing Expediter, Chicago, Ill., and on the brief—William S. Kaplan, Chief, Litigation Section, Office of Housing Expediter, Chicago, Ill., for the plaintiff.

George P. Comfort of Comfort, Comfort & Irish, Des Moines, Iowa, and Coppola & Warren, Des Moines, Iowa, for the defendant.

SWITZER, District Judge.

At a pretrial conference it was agreed that Paragraph 4 of the motion of the defendant filed herein to dismiss the complaint should be considered as the answer of the defendant. Each of the parties by further stipulation and agreement voluntarily struck out all other pleadings and extraneous matters theretofore filed by them, except the complaint and answer, and upon the issues thus joined evidence was taken and trial had. The matter was orally argued and exhaustive briefs have been filed, which have been carefully studied by the court, in connection with the submission of the cause for decision.

Except as denied by the defendant's answer, the allegations of the complaint are admitted. Said Paragraph 4 challenges. the action of the plaintiff as follows: "4. That the Rent Control Act of 1947 as amended by the Housing and Rent Act of 1949 [50 U.S.C.A.Appendix, § 1881 et seq.]' does not apply to this defendant for the reason that under the rules and regulations. of the Housing Expediter, issued as of August 25, 1948, Section V, provides that where the landlord furnishes additional housing accommodations created by conversion on and after February 1, 1947, said property then becomes decontrolled; and: said landlord did make substantial alterations and remodeling of the property in question subsequent to February 1, 1947, and prior to April 1, 1949. That because said alterations and conversions were made, the property was decontrolled and is no longer subject to the Rent Control Act."

Plaintiff alleged that the defendant was the owner of and rented certain housing accommodations located at 1501 Second Ave., Des Moines, Iowa, being the "basement east rear and basement west front," and within the Des Moines Defense Rental Area and subject to regulations for the control of housing. 12 F.R. 4331; 14 F.R. 1570. That the defendant was and is attempting to exact from the tenants therein rentals in excess of those prescribed by the order of the Area Rent Director; and that the defendant has attempted to evict said tenants by an action in the State court; for which claimed violations as alleged the defendant should be compelled to make refund to the tenants and that an injunction should issue.

Both in the pleadings and at the trial each party charged the other with bad faith, wilfullness and malice, but to the court there seems no justification for this charge by either side.

Defendant's answer alleges in substance that he caused substantial additions to be made to the premises in question by conversion after February 1, 1947, and before April 1, 1949. That as a result thereof said premises became decontrolled and at no time during the periods of times wherein the plaintiff charges violations of the Act were the premises subject thereto.

Defendant introduced testimony, without serious contravention by the plaintiff, showing that the original cost of the entire premises at 1501 Second Ave., Des Moines. Iowa, was $18,000 when purchased on May 1, 1946; that the fair and reasonable value or relationship which the basement front and rear apartments bear to the cost of the entire premises was 1/15th or $1200.00; and that these basement quarters were never rented at any time prior to February 1, 1947.

That during the months of November and December, 1948, defendant expended $524.25 for labor and materials in making alterations to the basement quarters. The Government contends that the amount expended was less than that claimed by the defendant, but the evidence was detailed as to the items of labor and materials, and the court is convinced that this figure is correct.

These alterations consisted of the erection of a permanent wall 12 ft. in length and 8 ft. plus in height, separating the original living room and dining room in half. Also by the further erection of a permanent offset wall, 4 ft. by 8 ft. plus, for the creation of a small kitchenette in the "west front." A permanent brick wall was cut through and a new doorway built between the former living room and bed room, now a part of the "east rear;" and an additional doorway constructed to separate the west front unit from the hall leading to the common bath, which was thereby conveniently accessible to both tenants.

Electric wiring was installed and outlets made so as to provide adequate lighting facilities and a separate meter, and to comply with the Des Moines building code. Even the wiring in and to the common bathroom was so designed and controlled that the electricity used therein was metered to the occupant using the bathroom.

The gas line was extended to provide service for the kitchenette in the "west front" with a separate meter therefor. Linoleum was laid in the newly created kitchenette and, lastly, both units were completely repainted and redecorated, including a refinishing of the floors.

The units thus created were furnished with useable furniture and a new gas stove and electric refrigerator were purchased and installed in the kitchenette in the west front. Each unit was provided with an independent outside entrance.

Defendant personally made all the purchases of materials, employed the labor, planned the work and, in general, supervised the job, which services the court concludes were worth 10 per cent. of the cost for the alterations above described.

It is obvious that the amount of the expenditures alone cannot be determinative of the question of whether or not there is a substantial alteration, but when the expenditures are found to be reasonable, then the ratio of such expenses to the total cost of the original unit, certainly assists in determining whether the requirements of the

Housing and Rent Act of 1947, so far as decontrol is concerned, have been complied with. Likewise the installation of furniture and other equipment is not in and of itself a complete criterion, but when taken with all the other facts bears upon the solution.

There are therefore but two questions requiring answer for a correct solution of this case, to wit:

1. Were the alterations made by the defendant here substantial alterations or remodeling resulting in the creation of "additional housing accommodations," within the meaning of Section 202(c) (3) of the Act, 50 U.S.C.A. Appendix § 1892(c) (3), and as defined by the Housing Expediter?

2. Did the additions, alterations, or remodeling, when completed, amount to a "conversion," within the meaning of Section 202(c) (3) of the Act, as defined by the Housing Expediter, so as to create two housing units where one had existed before the additions were made?

It is conceded that the rental property here involved is a "controlled housing accommodations," as defined in Sec. 202(c) of the Act, which provides that—

"The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include— * * *

"(3) * * * additional housing accommodations created by conversion on or after February 1, 1947."

We must first seek a correct definition of the terms "additional housing accommodations" and "conversion."

Section 204(d) of the Act, 50 U.S.C.A. Appendix, § 1894(d), provides: "The Housing Expediter is authorized to issue such regulations and orders, consistent with the provisions of this title, as he may deem necessary to carry out the provisions of this section and section 202(c)."

The right of an administrator of a federal agency to enact and promulgate rules, regulations and definitions consistent with an Act, has been several times passed upon by the courts and in the case of Bowles v. Seminole Rock & Sand Co., 325 U.S. 410,

413, 65 S.Ct. 1215, 89 L.Ed. 1700, the court held the Price Administrator's interpretation of price regulations issued pursuant to the Emergency Control Act of 1942 as amended, was of controlling weight, unless clearly erroneous or inconsistent with such regulations.

■ This principle of law has been applied in a number of cases involving an interpretation of the regulations of the Housing Expediter. The only tools therefore are the plain words of the regulation and any relevant interpretations of the Housing Expediter made in pursuance of his authority.

The Rent Regulations under the Housing and Rent Act of 1947, as amended, issued July 1, 1948, (Part 825), made by the Housing Expediter, contain the following:

"Sec. 1. Definitions and scope of this regulation.

\* \* \* \* \* \*

" 'Housing accommodations' means any building, structure, or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes, together with all privileges, services, furnishings, furniture, equipment, facilities, and improvements connected with the use or occupancy of such property."

"Sec. 1(b) (2) (ii) * * * and the word 'conversion' means (1) a change in a structure from a nonhousing to a housing use or (2) a structural change in a residential unit or units involving substantial alterations, or remodeling and resulting in the creation of additional housing accommodations."

And in 13 Federal Register 5001 is found: "Requirement of structual change involving substantial work. In order for decontrol to occur by reason of conversion of previously existing housing accommodations, there must be a *structural change involving substantial alterations or remodeling*. For example if a single family residence is divided into two units merely by a locking of doors and renting to two separate tenants, decontrol does not result."

The Housing Expediter provides us with a definition of what is not a structural

change involving substantial work, but at no place in the regulation does he amplify affirmatively "additional housing accommodations" or "conversion," other than those definitions herein cited.

■ It is further argued by the Government, and I think rightly, that Section 202 (c) (3) of the Act, as amended, is an exception to the general application of said statute, and that the burden of establishing by a preponderance of the evidence the exception to the statute, devolves upon the defendant. This rule was laid down in Javierre v. Central Altagracia, 217 U.S. 502, 30 S.Ct. 598, 54 L.Ed. 859. And see Detroit Edison Co. v. Securities & Exchange Comm., 6 Cir., 119 F.2d 730; Sutton v. U. S., 5 Cir., 157 F.2d 661.

It seems equally well established by the authorities that the exceptions contained in the statute are to be strictly construed by the courts. Hartford Electric Light Co. v. Federal Power Comm., 2 Cir., 131 F.2d 953; Great Atlantic & Pacific Tea Co. v. Federal Trade Comm., 3 Cir., 106 F.2d 667; Anderson v. Manhattan Lighterage Corp., 2 Cir., 148 F.2d 971.

Decisions in other cited cases appear to the court to be so factually dissimilar as to be of little value here.

■ This court is fully aware of the fact that while Congress in providing the exceptions contained in Section 202(c) (3) had in mind the stimulation of alterations in existing housing units to thereby increase housing units to thereby increase housing accommodations so badly needed, yet at the same time it is appreciated that the Expediter, as well as the court, is under a strict duty not to allow landlords by making minor and superficial changes in their existing housing units to proceed as though decontrolled and thus jam additional tenants into their premises at unconscionable prices.

■ A full consideration of the facts as disclosed by the pleadings and the evidence in the case here, and a reading of the authorities, forces upon this court the conclusion that the burden of sustaining the exception in Section 202(c) (3) of the Act, Sec. 1892, Title 50 App., U.S. Code, 50

U.S.C.A.Appendix, § 1892(c) (3), has been met by the defendant and the alterations and additions which he made upon his premises involved here in November and December of 1948, were substantial alterations and did in fact result in the creation of two complete, self-contained housing units where one existed before, the same being "additional housing accommodations" created by "conversion", consistent with the requirements of the Housing and Rent Act of 1947, as amended, and the regulations issued thereunder.

The court makes the following
Findings of Fact

1. The action herein was brought by the United States through the Housing Expediter under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1891 et seq., claiming that the defendant violated said Act by demanding rents beyond the amounts fixed by the Housing Expediter for certain basement premises (west front and east rear) situated in defendant's properties, at 1501 Second Ave., Des Moines, Iowa, within the Des Moines Defense Rental Area, and which were "housing accommodations" as defined by the Rent Regulations and subject thereto.

2. That the material facts as established by the pleadings and evidence in this action are embodied in the court's memorandum opinion here preceding and are hereby adopted as the findings of fact herein also.

3. That despite the fact that the premises in question after the alterations had a common bathroom for both west front and east rear units, and the tenants of the west front quarters had to obtain their water supply from the common bathroom, still this was not a sufficient factor here to defeat a finding that thereafter the new units were self contained additional housing accommodations in view of the substantial alterations and remodeling made by the defendant described in the preceding finding.

4. The issues for determination are: (1) were the alterations made by the defendant on the basement premises in question substantial alterations or such remodeling as to create additional housing accommodations, and (2) did the altera-

tions or remodeling when completed amount to a conversion of the premises so as to create two housing units where one existed before, all within the meaning of the Housing and Rent Act of 1947, as amended.

## Conclusions of Law

1. This court has jurisdiction of the subject matter and of the parties herein by virtue of the provisions of the Housing and Rent Act of 1947, as amended.

2. That the alterations and remodeling made by the defendant on the basement premises of the defendant at 1501 Second Ave, Des Moines, Iowa, in November and December, 1948, were substantial alterations and resulted in the creation of additional housing accommodations, to wit, two new rental units known and described here as the "west front" and "east rear" apartments, within the meaning of Section 202(c) (3) of the Housing and Rent Act of 1947, as amended, and as defined by the Housing Expediter in his rent regulations thereunder.

3. That the said alterations and remodeling made by the defendant also amounted to a conversion of the premises within the meaning of the Housing and Rent Act of 1947, as amended, thus creating additional housing units.

4. That the said "west front" and "east rear" units of the basement premises at 1501 Second Ave., Des Moines, Iowa, were by said alterations and remodeling withdrawn from the control of the Housing Expediter within the permissible provisions therefor contained in the Housing and Rent Act of 1947, as amended, and the pertinent regulations of the Expediter.

5. That the defendant is entitled to an order dismissing plaintiff's complaint as to him.

The Clerk will therefore enter the following order:

The above entitled action having come on for hearing in open court at Des Moines, Iowa, on the complaint of the United States that the defendant was violating the Housing and Rent Act of 1947, as amended, and the action having been tried to the court on its merits, and arguments having been had, both orally and by briefs, and the court being advised;

It is hereby ordered that the complaint of the United States herein against this defendant be, and the same is hereby, dismissed upon its merits.

Plaintiff excepts.